# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| TONIEK WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, TONIEK WILLIAMS ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Defendant conducts business in the State of Maryland, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person, who resides in Glen Burnie, Maryland.

6. Plaintiff is granted a cause of action under the FDCPA. <u>See</u> 15 U.S.C. §1692k(a), and <u>Wenrich v. Cole</u>, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec 22, 2000).

7. Defendant is a debt collection company, which maintains its headquarters at 20816 W. 44th Avenue W., Lynnwood, Washington 98036.

8. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

9. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant contacted Plaintiff in an effort to collect an alleged debt and/or obtain location information for Plaintiff's mother.

11. The alleged debt arose out of transactions that were for personal, family or household purposes.

12. The debt that Defendant was seeking to collect was unknown to the Plaintiff, but was accrued by Plaintiff's mother.

13. Further, as neither Plaintiff nor Plaintiff's mother have any business debt, the debt sought by Defendant could have only been personal in nature.

14. Beginning in early July and continuing through mid-August 2015, Defendant placed repeated harassing telephone calls to Plaintiffs' home telephone.

15. Defendant's harassing collection calls originated from numbers including, but not limited to (804) 234-9020.  The undersigned has confirmed this number belongs to Defendant

16.  During this time, Plaintiff received at least one phone call daily.

17. Plaintiff told Defendant's collectors that her mother did not live with her, and that her mother was ill.

18. Plaintiff also told Defendant's collectors to stop calling and remove Plaintiff's number from their account file.

19. Upon information and belief, Plaintiff's wishes were heard and understood by the collection caller.

20. Defendant nevertheless continued to call Plaintiff to collect the debt of her mother.

21. Defendant's actions as described herein were taken with the intent to intimidate, annoy, harass, and coerce payment from Plaintiff for a debt they did not owe.

**COUNT I**
**DEFENDANT VIOLATED §1692b(3) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

22. Section 1692b(3)of the FDCPA prohibits any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer to communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

23. Defendant violated §1692b(3) of the FDCPA by continuously contacting Plaintiff after Plaintiff had made it clear she was not the debtor and not to call again.

**COUNT II**
**DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

24. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

25. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

26. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it harassed Plaintiff by calling repeatedly and continuously, ignoring demands to stop calling and when it engaged in other harassing or abusive conduct.

**COUNT III**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

27. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

28. Defendant violated §1692f of the FDCPA when it engaged in unfair and unconscionable conduct by calling Plaintiff on a repeated basis concerning a debt that was not

4

owed by Plaintiff, after Plaintiff told collectors that her mother did not live with her, and having instructed Defendant to stop calling.

WHEREFORE, Plaintiff, TONIEK WILLIAMS, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    Reasonable attorney's fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE Plaintiff, TONIEK WILLIAMS, demand a jury trial in this case.

DATED: 8/20/2015        By: /s/ Amy L. Bennecoff

                              Amy L. Bennecoff
                              Kimmel & Silverman, P.C
                              Bar ID No. 29950
                              30 East Butler Pike
                              Ambler, PA 19002
                              Telephone: (215) 540-8888
                              Facsimile (215) 540-8817
                              Email: abennecoff@creditlaw.com
                              Attorney for Plaintiff